FILED
2026 Jan-07  AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| ROBBIN HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| HIGH SEC LABS, INC., | ) | |
| | | |
| Defendant. | | |

---

## COMPLAINT

## I. JURISDICTION

1.  This is a suit for relief from employment discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* 42 U.S.C. §1981 ("§1981"), and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq*. The jurisdiction of this Court exists pursuant to 28 U.S.C. §1331 and 1343(4).

2.  Plaintiff Robbin Hines ("Plaintiff") timely filed a charge of discrimination against defendant High Sec Labs, Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Limestone County, Alabama.

4.  Defendant is a Delaware corporation headquartered in Or Akiva Northern Industrial Zone, Israel.

## III.  STATEMENT OF FACTS

5.  In April of 2024, Plaintiff became employed by Defendant.

6.  Plaintiff worked at Defendant's manufacturing facility in Huntsville, Alabama.

7.  Plaintiff's position was Human Resources Manager at the facility.

8.  Plaintiff's supervisor was Ariel Zadik, Vice-President of Engineering and Quality.

9.  In or about January of 2025, Roderick Smith, the Operations Manager of the Huntsville facility, advised Plaintiff that Zadik had said there would be a reduction in force at the Huntsville facility.

10.  On or about January 21, 2025, Smith sent an email to Zadik and Plaintiff with a list of twelve people he had identified for layoff.

11.  On or about January 22, 2025, Plaintiff sent an email to Zadik and Smith expressing concern that five people on the list could have a claim they were being included based on retaliation.

12.  One had made a complaint of sexual harassment against another employee, one had made a complaint that another employee had called her racial names, one was then out of work for a disability accommodation, and one was under investigation related to a sexual harassment complaint.

13.  Plaintiff urged Zadik and Smith to reconsider including these people.

14.  Zadik and Smith responded that they wanted to go with those on the list.

15.  On or about January 23, 2025, Plaintiff sent an email to Roni Soffer, Defendant's Chief Executive Officer.

16. In the email, Plaintiff relayed her concerns to Soffer about the layoff list.

17.  Soffer responded that she had discussed it with Zadik and advised that they were to move forward with those listed.

18.  Soffer stated that the "risk" was on her and that she knew how to manage her risks.

19.  On or about February 12, 2025, Zadik terminated Plaintiff.

20.  The reason given was that Plaintiff had failed to complete job duties and had engaged in "prejudicial decision making."

3

21. The claims were false and pretextual.

22. Plaintiff had received no prior disciplinary actions.

## IV.  CAUSES OF ACTION

### COUNT I

### TITLE VII

23.  Paragraphs 1-22 above are incorporated by reference.

24.  Defendant violated Plaintiff's rights under Title VII by terminating her employment in retaliation for her opposition to laying off employees who had engaged in protected conduct under Title VII.

25.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated Title VII;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate Title VII;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

### 42 U.S.C. §1981

26.  Paragraphs 1 and 3-22 above are incorporated by reference.

27.  Defendant violated Plaintiff's rights under §1981 by terminating her employment in retaliation for her opposition to laying off employees who had engaged in protected conduct under §1981.

28. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated §1981;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate §1981;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT III

## ADA

29.   Paragraphs 1-22 above are incorporated by reference.

30.   Defendant violated Plaintiff's rights under the ADA by terminating her employment in retaliation for her opposition to laying off employees who had engaged in protected conduct under the ADA.

31.   As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

7

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing lost back-pay and benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

8